UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TAM HUYNH, | ) | No. C07-1344RSL |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR DEFAULT, AND |
| v. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| MICHAEL MUKASEY, *et al.*, | ) | MOTION TO DISMISS AND/OR |
| | ) | REMAND TO USCIS |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

This matter comes before the Court on the "Government's Motion to Dismiss and/or to Remand to USCIS" (Dkt. #7) and "Plaintiff's Motion for Default for Failure to Respond to Order to Show Cause and Failure to File Answer" (Dkt. #13).  For the reasons set forth below, the Court denies plaintiff's motion for default, and grants in part and denies in part defendants' motion to dismiss and/or remand to USCIS.

## II. DISCUSSION

**A.    Background**

On August 28, 2007, plaintiff filed a Complaint for Naturalization under 8 U.S.C. 1447(b).  See Dkt. #1.  The day after defendants filed a notice of appearance, on November 28, 2007 the Court ordered defendants to show cause within 60 days why the Court should not grant plaintiff's application for naturalization.  See Dkt. #4 (November 28, 2007 Order to Show

ORDER DENYING MOTION FOR DEFAULT,
AND ORDER GRANTING IN PART AND DENYING
IN PART MOTION TO DISMISS AND/OR REMAND

Cause).  In the order to show cause, the Court required that defendants file a response stating: "(1) all reasons that plaintiff's naturalization application has not been approved; (2) all reasons that the Court should not approve the application immediately; and if appropriate (3) a proposed plan for promptly deciding plaintiff's naturalization application." Id.  On December 28, 2007, based on a joint stipulation of the parties, the Court stayed the proceedings for thirty days to allow plaintiff to respond to USCIS's Form N-14 request for additional information.  See Dkt. #6 (Joint Stipulation Staying Proceedings).  On January 28, 2008, defendants filed their motion to dismiss and/or remand to USCIS noted for the Court's consideration on February 22, 2008. See Dkt. #7.  On February 28, 2008, plaintiff filed his motion for default.  See Dkt. #13.  For clarity, the Court addresses plaintiff's motion first, below.

**B.    Analysis**

**1.    Plaintiff's motion for default**

Plaintiff moves for default judgment because:  (1) he contends that defendants failed to adequately respond to the Court's order to show cause, and (2) defendants have not answered his complaint for naturalization.  See Dkt. #13.  The Court finds these arguments unavailing. First, defendants timely and adequately responded to the order to show cause.  On January 28, 2008, the deadline for a response, defendants filed their motion to dismiss and/or remand, explaining:  (1) USCIS was prepared to adjudicate plaintiff's petition but could not do so because the Court retained jurisdiction over the application; (2) the Court should not "approve the application" because USCIS was better equipped to decide the application in the first instance; and (3) as a proposed plan, the Court should remand the application to USCIS for a decision within 30 days of remand.  See Dkt. #7 at 2-4.  Under the facts of this case, the Court finds that defendants' response complied with the Court's November 28, 2007 order, and accordingly, the Court VACATES the order to show cause (Dkt. #4).

Second, the Court finds that defendants are not in default for failing to answer because

ORDER DENYING MOTION FOR DEFAULT,
AND ORDER GRANTING IN PART AND DENYING
IN PART MOTION TO DISMISS AND/OR REMAND      -2-

they timely[1] moved to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b) and 8 U.S.C. § 1447(b), and the motion was still pending until the Court's ruling on it below.  Under Fed. R. Civ. P. 12(a)(4), "Unless the Court sets a different time, serving a motion under this rule [Fed. R. Civ. P. 12] alters these periods [the time to serve a responsive pleading] as follows:  (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action[.]"

> ###        2.        Defendants' motion to dismiss and/or remand

Defendants move to dismiss this action for lack of subject matter jurisdiction because they contend that the statue granting the Court jurisdiction, 8 U.S.C. § 1447(b), has not been triggered because plaintiff's "examination" is not yet complete.  See Dkt. #7 at 2-3.  Section 1447(b) states:

> If there is a failure to make a determination under section 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination."  Although the term "examination" is not defined in § 1447(b), the majority of courts analyzing this issue, including this Court[2] and courts in this district,[3] have concluded that the word "examination" in § 1447(b)

---

[1] Defendants had until January 7, 2008 to respond to the complaint, and before this deadline, the Court stayed the proceedings until January 28, 2008.  See Dkt. #15 at 2.

[2] See Stepchuk v. Gonzales (No. 06-570RSL), 2006 U.S. Dist. Lexis 84321, at *4-7 (W.D. Wash. Nov. 17, 2006) ("Since it is undisputed that USCIS has not made a naturalization determination on plaintiffs' applications and more than 120 days have passed since plaintiffs' interviews, the Court concludes that it has jurisdiction of this matter under 8 U.S.C. § 1447(b).").

[3] See, e.g., Baygan v. Gonzales (No. 06-1831JLR), 2007 U.S. Dist. Lexis 61482, at *3 n.2 (W.D. Wash. Aug. 15, 2007) ("Respondents, as they have on several other occasions, argue that the

1   refers to the date on which the USCIS interviews the applicant.  See Khelifa v. Chertoff, 433 F.

2   Supp. 2d 836, 841-42 (E.D. Mich. 2006) ("[T]he Court concurs in the weight of authority

3   holding that the 120-day statutory decision making period commences when an applicant

4   'appears in person before a Service officer' as provided in the CIS regulation that governs

5   examinations, 8 C.F.R. § 335.2."); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 683 (W.D. Pa.

6   2005) (concluding that "examination" means "interview").  The Court agrees with this

7   persuasive authority and similarly concludes that the 120-day period in § 1447(b) commences on

8   the day of the applicant's examination interview with a USCIS officer.

9        In this case, plaintiff was interviewed about his naturalization application on June 7,

10  2006.  See Dkt. #1 at ¶13; Dkt. #11 at ¶3; Dkt. #7 at 1.  Since it is undisputed that USCIS has

11  not made a naturalization determination on plaintiff's application and more than 120 days have

12  passed since plaintiff's interview, the Court concludes that it has jurisdiction of this matter under

13  8 U.S.C. § 1447(b).  See Hovsepian v. United States, 359 F.3d 1144, 1164 (9th Cir. 2004)

14  (holding "Section 1447(b) allows the district court to obtain exclusive jurisdiction over those

15  naturalization applications on which the INS fails to act within 120 days if the applicant

16  properly invokes the court's authority.").  Therefore, the Court denies defendants' motion to

17  dismiss for lack of subject matter jurisdiction.

18       Defendants, however, also request that the Court remand plaintiff's naturalization

19  application for adjudication by USCIS.  See Dkt. #7 at 3 ("If the Court determines that subject-

20  matter jurisdiction exists, the Court should remand the case to USCIS for adjudication within 30

21  days.").  Defendants contend that remand is appropriate in this case because "USCIS is prepared

22  to adjudicate Plaintiff's naturalization application" but "USCIS cannot adjudicate the application

23

24  court lacks jurisdiction over the matter based on a contention that the statutory 120-day period begins to
    run only when the entire examination process is complete.  The Judges within this district, following the
25  majority of other district courts, have uniformly rejected Respondent's proffered construction of §
    1447(b).").

26  ORDER DENYING MOTION FOR DEFAULT,
    AND ORDER GRANTING IN PART AND DENYING
    IN PART MOTION TO DISMISS AND/OR REMAND        -4-

1     until the Court remands the matter to USCIS."  Dkt. #7 at 3 (citing <u>Hovsepian</u>, 359 F.3d at

2     1159).  Remand, defendants argue, "is the most expeditious and appropriate means of resolving

3     this case."  Dkt. #7 at 4 (citing <u>Karsch v. Chertoff</u> (No. 07-957RSL), 2007 U.S. Dist. Lexis

4     84700, at *3-4 (W.D. Wash. Oct. 29, 2007) ("The Court is sympathetic regarding the delays

5     plaintiff has faced.  However, it is not clear that she will obtain a more favorable and

6     expeditious result from this Court, which would have to conduct a *de novo* hearing following

7     discovery of the parties.").

8          In response to defendants' motion for remand, plaintiff consents to adjudication of his

9     naturalization application by USCIS so long as it occurs within ten days of remand.  <u>See</u> Dkt #8

10    at 10 ("Because this Court has jurisdiction, and because CIS has provided no legitimate reason

11    not [to] approve Mr. Huynh's application immediately, Mr. Huynh requests an order granting

12    him naturalization.  In the alternative, <u>Mr. Huynh requests adjudication of his naturalization</u>

13    <u>application within 10 days of remand</u>.") (emphasis added).  For the reasons articulated in

14    <u>Karsch</u>, remand also is the appropriate remedy in this case.  Given that plaintiff's administrative

15    record has not yet been filed with the Court, and the Court would likely have to conduct a *de*

16    *novo* hearing following receipt of the record and any discovery by the parties, the Court

17    concludes that under 8 U.S.C. § 1447(b) USCIS is in the best position to expeditiously

18    "determine the matter" within ten judicial days[4] from the date of this Order.  Remand also serves

19    the interests of judicial economy.

20

21

----

22      [4] Although defendants stated with certainty that USCIS would adjudicate the matter within 30
23   days upon remand, defendants did not express opposition to plaintiff's request for adjudication within ten
    days of remand.  <u>See</u> Dkt. #12 at 3 n.3 (opposing instructions on remand but not contesting a decision
24   within ten days).  Furthermore, given defendants' representation on January 28, 2008 that adjudication of
    plaintiff's application would be completed within 30 days of remand, the Court finds that requiring
25   USCIS to render a decision within ten judicial days of remand is both reasonable and appropriate in this
    case.  <u>See</u> Fed. R. Civ. P. 6 (setting forth the rule for computing time specified in court orders).
26   ORDER DENYING MOTION FOR DEFAULT,
    AND ORDER GRANTING IN PART AND DENYING
    IN PART MOTION TO DISMISS AND/OR REMAND     -5-

1

### III.  CONCLUSION

2      For all of the foregoing reasons, the Court DENIES "Plaintiff's Motion for Default for

3   Failure to Respond to Order to Show Cause and Failure to File Answer" (Dkt. #13), the Court

4   GRANTS IN PART and DENIES IN PART the "Government's Motion to Dismiss and/or to

5   Remand to USCIS" (Dkt. #7).  The Court VACATES its "Order to Show Cause" (Dkt. #4).  The

6   Court REMANDS this case to USCIS for adjudication of plaintiff's naturalization application

7   within **ten judicial days** from the date of this Order, and DISMISSES this action without

8   prejudice.

9

10      DATED this 7th day of April, 2008.

11

12                                            _MM S Lasnik_

13                                            Robert S. Lasnik
                                             United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION FOR DEFAULT,
     AND ORDER GRANTING IN PART AND DENYING
     IN PART MOTION TO DISMISS AND/OR REMAND        -6-