UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                  )
TAM HUYNH,                        )        No. C07-1344RSL
                                  )
                   Plaintiff,     )        ORDER GRANTING PLAINTIFF'S
          v.                      )        MOTION FOR ATTORNEY'S FEES
                                  )        AND COSTS
MICHAEL MUKASEY, *et al.*,         )
                                  )
                   Defendants.    )
_____)

## I.  INTRODUCTION

        This matter comes before the Court on "Plaintiff's Motion for Attorney's Fees and Costs
under Equal Access to Justice Act" (Dkt. #21).   For the reasons set forth below, the Court
grants plaintiff's motion.

## II.  DISCUSSION

### A.        Background and procedural history

        Plaintiff was born in Vietnam in 1932.  See Dkt. #1.  Plaintiff applied for naturalization
in August 2005 and sought a medical waiver.  See Dkt. #10, Ex. F (Form N-400).  On March 28,
2006, United States Citizenship and Immigration Services ("USCIS") completed plaintiff's name
check.  Id., Ex. C.  On March 30, 2006, USCIS requested that plaintiff submit a police clearance
form and additional information related to his medical waiver, which were subsequently
provided by plaintiff in April 2006.  Id., Ex. D.  On June 7, 2006, plaintiff appeared for his
interview and USCIS accepted plaintiff's medical waiver based on a PTSD diagnosis.  Id., Ex.

B.  As a result, plaintiff was exempted from the English language ability and/or knowledge of United States history and government requirement.  Id.  Plaintiff satisfied the good moral character requirement.  Id.  USCIS, however, did not make a naturalization determination within 120 days of plaintiff's interview.  As a result, plaintiff initiated this lawsuit on August 28, 2007 by filing his Complaint for Naturalization under 8 U.S.C. § 1447(b).  See Dkt. #1.

The day after defendants filed a notice of appearance, the Court ordered defendants on November 28, 2007 to show cause within 60 days why the Court should not grant plaintiff's application for naturalization.  See Dkt. #4 (Order to Show Cause).  In the order to show cause, the Court required that defendants file a response stating:  "(1) all reasons that plaintiff's naturalization application has not been approved; (2) all reasons that the Court should not approve the application immediately; and if appropriate (3) a proposed plan for promptly deciding plaintiff's naturalization application."  Id.  Shortly thereafter, on December 4, 2007, USCIS issued plaintiff a Form N-14 requesting submission of additional information related to plaintiff's medical waiver.  See Dkt. #5.  On December 28, 2007, based on a joint stipulation of the parties, the Court stayed the proceedings for thirty days to allow plaintiff to respond to USCIS's Form N-14 request.  See Dkt. #6 (Joint Stipulation Staying Proceedings).  On January 28, 2008, defendants filed a motion to dismiss and/or remand.  See Dkt. #7.  On February 28, 2008, plaintiff filed a motion for default.  See Dkt. #13.

On April 7, 2008, the Court denied plaintiff's motion for default, denied defendants' motion to dismiss in part, but granted defendants' alternative request for remand.  See Dkt. ##19, 20.  The Court remanded the case to USCIS for adjudication of plaintiff's naturalization application within ten judicial days of April 7, 2008.  Id.  On remand, USCIS approved plaintiff's application and he was naturalized on April 21, 2008.  See Dkt. #21 at 4.  Plaintiff now seeks recovery of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS          -2-

**B.     Analysis**[1]

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if:  (1) he is the prevailing party in the matter; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.  See 28 U.S.C. § 2412(d)(1)(A).  Additionally, the application for fees must be filed within 30 days of a final judgment.  Plaintiff filed his motion within 30 days of the Court's judgment.  Accordingly, the Court now considers whether plaintiff was the prevailing party and whether defendants' position was substantially justified.

**1.     Prevailing party**

Two factors define "prevailing party" under the EAJA.  Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005).  Plaintiff's action must have resulted in a "material alteration" in the parties' legal relationship and that alteration must have been "judicially sanctioned."  Id. (citation omitted).  A "material alteration" means "the defendants were required to do something directly benefitting the plaintiff that they otherwise would not have had to do."  Id. at 900.  "A party need not succeed on every claim in order to prevail.  Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit he sought in bringing suit."  Id. at 901 n.5 (internal citations and quotation marks omitted).

In his complaint, plaintiff requested that the Court grant his naturalization application.  See Dkt. #1 at 5.  Plaintiff requested this relief again in his response to defendants' motion to

---

[1] In separate actions in this judicial district styled Osman v. Mukasey, Case No. C07-588MJP, and Ali v. Mukasey, Case No. C07-591MJP,  the Honorable Marsha J. Pechman analyzed substantially similar legal arguments to those at issue here.  In the interest of judicial economy, the Court incorporates part of the well-reasoned opinions of Judge Pechman, and for the convenience of the parties and for clarity in the record, the Court reiterates the legal analysis below.  See Ali v. Mukasey, 543 F. Supp. 2d 1258 (W.D. Wa. 2008); Osman v. Mukasey, 2008 U.S. Dist. Lexis 20278, at *1 (W.D. Wash. Mar. 3, 2008) (Dkt. #22 in C07-588MJP).

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS                    -3-

1   dismiss.  See Dkt. #8 at 10.  However, plaintiff also requested as an alternative, "adjudication of

2   his naturalization application within 10 days of remand."  Id.  The Court remanded to USCIS

3   with instructions to adjudicate within ten days and plaintiff was quickly naturalized.  See Dkt.

4   #19 at 6 ("The Court REMANDS this case to USCIS for adjudication of plaintiff's

5   naturalization application within **ten judicial days** from the date of this Order, and DISMISSES

6   this action without prejudice.") (emphasis in original).  Plaintiff therefore achieved a material

7   alteration of his legal relationship with defendants when his application was finally adjudicated.

8   See Al-Ghanem v. Gonzales, 2007 U.S. Dist. Lexis 8900, at *6-7 (D. Utah Feb. 7, 2007).[2]

9       The material alteration in the relationship between the parties must also be stamped with

10  some "judicial imprimatur."  Carbonell, 429 F.3d at 901.  Relief achieved through a voluntary

11  change that was simply prompted by the lawsuit does not convey prevailing party status on the

12  plaintiff.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,

13  532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical

14  factor of "judicial sanction").  Here, USCIS did not voluntarily adjudicate plaintiff's application,

15  but was compelled to do so by the Court.  When plaintiff brought this action under § 1447(b),

16  the Court assumed exclusive jurisdiction and had two options for disposition of the matter:  (1)

17  to determine the matter on the merits; or (2) to remand the matter, with appropriate instructions,

18  to USCIS to determine the matter.  8 U.S.C. § 1447(b); United States v. Hovsepian, 359 F.3d

19  1144, 1161 (9th Cir. 2004) (en banc).  On April 7, 2008, the Court remanded plaintiff's case to

20  USCIS with explicit instructions to adjudicate the application within ten days.  See Dkt. #19;

21  _____

22      [2] In its response, defendants suggest that plaintiff is not a prevailing party because he opposed
    defendants' efforts to remand the matter to USCIS.  See Response at 6 ("Defendants requested that the
23  Court remand the application to USCIS for adjudication. . . .  The Court granted that request, over
    Plaintiff's objection[.]").  But, the Court's decision to remand over plaintiff's objection does not strip him
24  of prevailing party status.  See Al-Ghanem, 2007 U.S. Dist. Lexis 8900, at *6-7 ("The Court looks to the
    substance of the litigation to determine whether an applicant has substantially prevailed in its position,
25  and not merely the technical disposition of the case or motion.") (quoting Kopunec v. Nelson, 801 F.2d
    1226, 1229 (10th Cir. 1986)).
26
    ORDER GRANTING PLAINTIFF'S MOTION
    FOR ATTORNEY'S FEES AND COSTS          -4-

1    compare Chebli v. Chertoff, 2008 U.S. Dist. Lexis 7839, at *9 (E.D. Mich. Feb. 4, 2008)

2    (denying EAJA fees in § 1447(b) case where parties privately settled the matter before the court

3    held a naturalization hearing).  USCIS acted on plaintiff's application at the direction of the

4    Court and would have violated a court order if it had not done so.

5          Plaintiff's success on the merits does not depend solely on the fact that USCIS ultimately

6    granted his application for naturalization; instead, his success stems from the fact that USCIS

7    adjudicated his naturalization application at all.  Section 1447(b) is "a statutory check on what

8    could otherwise amount to an infinite amount of time available to the government in which to

9    render a decision on the application[.]"  Alghamdi v. Ridge, 2006 U.S. Dist. Lexis 68498, *16

10   (N.D. Fla. Sept. 25, 2006).  The Ninth Circuit has concluded that "[a] central purpose of [§

11   1447(b)] was to reduce the waiting time for naturalization applicants."  Hovsepian, 359 F.3d at

12   1163 (citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989)

13   (statement of Rep. Morrison)).  At the time he filed his complaint, plaintiff had been waiting for

14   fourteen months for USCIS to issue a decision on his naturalization application.  Plaintiff's

15   action put an end to the delay in processing his application and forced USCIS to make a decision

16   on his immigration status.  USCIS's discretion in deciding whether to grant or deny plaintiff's

17   application does not transform the adjudication of the application into a voluntary act.  See

18   Alghamdi, 2006 U.S. Dist. Lexis 68498, at *17 ("[W]hether USCIS ultimately grants or denies

19   the application are [sic] irrelevant for determining whether a plaintiff has succeeded on the

20   merits of an action based on § 1447(b).  The sole purpose of § 1447(b) is to provide the

21   applicant with a decision on the application where a decision has been withheld for an

22   unreasonable amount of time.").  Therefore, the Court finds that plaintiff is the prevailing party

23   in this action.  See Alghamdi, 2006 U.S. Dist Lexis 68498, at *39 (finding plaintiff prevailing

24   party where court determined that application had been wrongfully delayed, scheduled hearing,

25   issued remand order while retaining jurisdiction, and where agency then naturalized plaintiff).

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS            -5-

2.      **Substantially justified**

A litigant may not recover fees under the EAJA if the government shows that its litigating position and "the action or failure to act by the agency upon which the civil action is based" were substantially justified or that special circumstances make the award unjust.  28 U.S.C. § 2412(d); see also United States v. Real Prop. At 2659 Roundhill Drive, 283 F.3d 1146, 1151 (9th Cir. 2002) ("The EAJA defines the 'position of the United States' as not only its litigation position in the civil action, but also the government's action upon which the civil suit is based.") (citing 28 U.S.C. § 2412(d)(2)(D)).  "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of unjustified governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings."  Abela v. Gustafson, 888 F.2d 1258, 1262 (9th Cir. 1989) (emphasis added).  "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."  Comm'r v. Jean, 496 U.S. 154, 161-62 (1990).  The government bears the burden of showing that its position was substantially justified.  Real Prop., 283 F.3d at 1151 n.7.

Defendants' position in this case was based on two arguments:  (1) lack of subject matter jurisdiction, and (2) the appropriateness of remand because USCIS was better equipped to adjudicate the naturalization petition.  See Dkt. #7 (Defendant's Motion to Dismiss And/Or to Remand) at 2-4.  To find that defendants' litigation position was substantially justified, the Court must determine that the arguments had "a reasonable basis in law and fact."  Abela, 888 F.2d at 1264.  First, a minority of courts have held that district court jurisdiction is triggered, not by the expiration of 120 days after the citizenship interview, but by the expiration of 120 days after the interview and all background checks are complete.  See, e.g., Danilov v. Aguirre, 370 F. Supp. 2d 441, 443-44 (E.D. Va. 2005).  Although defendants knew that this Court had asserted subject matter jurisdiction over similar actions, see, e.g., Stepchuk v. Gonzales, 2006 U.S. Dist. Lexis 84321, at *4 (W.D. Wash. Nov. 17, 2006), their position against subject matter

1    jurisdiction had a reasonable basis in law.  Therefore, the defendants' litigating position on this

2    basis was reasonable.

3           But, defendants' failure to timely act on plaintiff's underlying application was not

4    reasonable.  Plaintiff brought this action because USCIS failed to adjudicate his naturalization

5    petition even though he had completed his citizenship interview fourteen months earlier.

6    Although no statutory time limit governs the adjudication of naturalization applications, agencies

7    are required to conclude matters presented to them within a "reasonable time."  See 5 U.S.C. §

8    555(b).  Further, the applicable regulations state that "[a] decision to grant or deny the

9    application shall be made at the time of the initial examination or within 120-days after the date

10   of the initial examination of the applicant for naturalization[.]"  8 C.F.R. 335.3(a).  Under the

11   circumstances in this case, fourteen months is not a reasonable amount of time to wait for the

12   agency to adjudicate the application.  In their response, defendants claim for the first time that

13   the fourteen-month delay was reasonable "because USCIS was investigating the basis of the two

14   N-658 forms that Plaintiff had submitted."  Response at 8.  As discussed below, however,

15   defendants failed to explain why the "investigation" took over fourteen months, and USCIS did

16   not request additional information from plaintiff until after this lawsuit commenced and the

17   Court ordered defendants to show cause for the delay.

18          Defendants also contend that "[w]hen analyzing whether the Government was

19   substantially justified in a particular case, courts should consider the Government's litigating

20   position as a whole."  See Response at 7 (citing Al-Harbi v. INS, 284 F.3d 1080, 1084-85 (9th

21   Cir. 2002)).  Although defendants moved to dismiss based on subject matter jurisdiction, their

22   litigation position as a whole was not substantially justified.  Prior to remand, defendants failed

23   to explain the delay in adjudicating plaintiff's application.  Notably, USCIS accepted plaintiff's

24   medical waiver at the time of his interview on June 7, 2006.  See Dkt. #10, Ex. B ("USCIS has

25   accepted your request for a Disability Exception.").  Furthermore, the deficiencies identified in

26   USCIS's March 30, 2007 letter appeared to have been cured by the time of the interview.  Id.

1   During the litigation, the declaration filed to support defendants' motion to dismiss failed to

2   identify any outstanding issues with plaintiff's naturalization application justifying a fourteen-

3   month delay. See Dkt. #7 (Walk Decl.). In response to plaintiff's motion for fees and costs,

4   defendants contend for the first time:

5           As a result of the [June 7, 2006] interview, USCIS developed concerns whether a
            valid basis existed for the N-648 forms that Mr. Huynh had submitted, including
6           whether they were fraudulent. In light of this development, USCIS informed Mr.
            Huynh that it was unable to adjudicate his application at the time of his interview,
7           but that a written decision would be forthcoming. In the meantime, USCIS
            launched an investigation into the basis of the N-648 forms that Mr. Huynh had
8           submitted. . . . On December 4, 2008, USCIS issued Mr. Huynh an N-14,
            requesting additional information relating to the N-648 forms that Mr. Huynh had
9           submitted. On January 2, 2008, Mr. Huynh responded to the N-14, submitting the
            requested information. As a result of Mr. Huynh's submission, USCIS's
10          investigation regarding the N-648 forms concluded.

11  Dkt. #25, Ex. A (Walk Decl.). Defendants cannot, however, assert an after-the-fact justification

12  for the delay in adjudicating plaintiff's application in order to escape the imposition of fees.

13  Even if USCIS "launched an investigation" into the validity of plaintiff's N-648s, USCIS did not

14  meaningfully do so until December 4, 2008 when they issued the N-14 after plaintiff filed suit

15  and after the Court ordered defendants to show cause for the delay. See Dkt. #4. Furthermore,

16  this argument provides no justification for the delay itself, especially since USCIS accepted

17  plaintiff's disability waiver at the time of the interview. Accordingly, the Court cannot find that

18  USCIS's delay in processing plaintiff's naturalization application was reasonable, and there are

19  no special circumstances make the awarding of fees unjust.

20          **3.      Reasonable fees and costs**

21          Plaintiff is entitled to a "reasonable" amount of fees. 28 U.S.C. § 2412(b). The EAJA

22  provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court

23  determines that an increase in the cost of living or a special factor, such as the limited

24  availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. at §

25  2412(d)(2)(A)(ii). Plaintiff contends that a market rate of $300/hour for his attorney is

26  appropriate given defendants' litigating position and plaintiff's counsel's background and work

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS              -8-

1    with Vietnamese immigrants.  See Motion at 10-11 (citing Muhur v. Ashcroft, 382 F.3d 653,

2    656 (7th Cir. 2004)).  Plaintiff seeks a total award of $9,390.59 as a result of the $300/hour rate.

3    See Motion at 11.  As defendants correctly assert in reply, however, the government's litigating

4    position is not a "special factor" justifying a higher rate, and although plaintiff's counsel is

5    Vietnamese-American, her practice does not emphasize the practice of immigration law.  See

6    Response at 10-11 (citing Pierce v. Underwood, 487 U.S. 552, 573 (1988); Doe v. United States,

7    16 Ct. Cl. 412, 421 (1989)).

8         In the alternative, plaintiff requests that the statutory rate be increased by a cost-of-living

9    adjustment.  Cost-of-living adjustments are calculated by "multiplying the $125 statutory rate by

10   the annual average consumer price index figure for all urban consumers ('CPI-U') for the years

11   in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996,

12   the effective date of EAJA's $125 statutory rate."  Thangaraja v. Gonzales, 428 F.3d 870, 876

13   (9th Cir. 2005) (granting cost-of-living increase but finding that no special factors justified

14   additional increase).  In this case, "[d]efendants acknowledge that a cost-of-living adjustment

15   would be appropriate to account for inflation."  Response at 9.  Accordingly, the Court finds that

16   a cost-of-living increase is reasonably applicable in this case.

17        Although defendants consent to a cost-of-living adjustment, defendants assert that the

18   Court should disallow the "entries for work incurred on February 28, 2008, and March 21, 2008,

19   during which plaintiff prepared the motion for default and accompanying reply brief."  See

20   Response at 11.  The Court agrees.  For the reasons set forth in the Court's order denying

21   plaintiff's motion for default, the fees incurred in preparing the motion are not reasonably

22   recoverable against defendants.  See Dkt. #19 at 2-3; see, e.g., Nong v. Reno, 28 F. Supp. 2d 27,

23   31 (D.D.C. 1998) ("Under the EAJA, the prevailing party must submit a reasonable fee

24   application for legal services with a good faith effort to exclude hours that are excessive or

25   unnecessary.  The court is authorized to make appropriate reductions if a fee application

26   contains an unreasonable amount of expended hours.") (internal citation omitted); 28 U.S.C. §

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS            -9-

2412(d)(1)(C).  With a cost-of-living adjustment and the reductions discussed above, the Court awards fees and costs as follows:[3]

| | |
|---|---|
| 2.8 attorney hours incurred in 2007 at $166.46/hour[4]: | $  466.09 |
| 15.4 attorney hours incurred in 2008 at $170.28/hour[5]: | $2,622.31 |
| 2 paralegal hours at $125/hour[6]: | $  250.00 |
| Expenses and costs: | $  520.59 |
| **TOTAL:** | **$3,858.99** |

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS "Plaintiff's Motion for Attorney's Fees and Costs under Equal Access to Justice Act" (Dkt. #21) in the amount of $3858.99.


DATED this 23rd day of June, 2008.



_MMt S Lasnik_
Robert S. Lasnik
United States District Judge

---

[3]  These calculations coincide with defendants' figures, and were not contested by plaintiff in reply.

[4]  See Dkt. #26, Ex. H (setting $166.46 as the cost-of-living adjusted rate for 2007).

[5]  See Dkt. #25 at 10 n.6.

[6]  See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. ___, ___ (2008), No. 06-1717 slip op. at 18 (June 2, 2008) ("[W]e hold that a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates.").